KLEES, Judge.

FACTS AND PROCEDURAL HISTORY

On January 16, 1989, plaintiff, Lois Shepard, entered into an agreement leasing immovable property to defendant, Linda Mayer. On February 5,1991, the parties extended the lease for another two years. On January 5, 1993, plaintiffs agent, Ralph Shepard, sent a letter to defendant which confirmed that the parties did not intend to renew the lease, which expired on February 6, 1993.
*287 Since the expiration of the lease, defendant has neither vacated the premises nor paid rent. Furthermore, defendant has never paid rent for July of 1992 or January of 1993, which accrued during the term of the lease.
On May 26, 1993, plaintiff filed a Petition for Eviction. On June 4,1993, the trial court entered a Judgment of Eviction against defendant, and a suspensive appeal by defendant followed. On September 24, 1993, plaintiff was awarded costs and attorney’s fees pursuant to the terms of the lease, and defendant devolutively appealed. Subsequently, defendant’s devolutive appeal and suspensive appeal were combined.
From the inception of defendant’s appeal, this court has been lenient and accommodating in its treatment of defendant. On October 18, 1993, asserting that the record needed to be supplemented, defendant requested more time to file her brief, and a new filing date of November 15, 1993, was ordered. Moreover, on November 18, 1993, defendant was granted another 30 day extension after defendant claimed that she was ill and that the record needed further supplementation. On December 20, 1993, again asserting illness, defendant requested another extension. On December 23, 1993, defendant was given an additional 20 days to file her brief, but her oral argument was not reinstated.
On January 31, 1994, this court ordered that the present case be given special assignment pursuant to Uniform Rule 2-11.2 and be handled as an expedited appeal pursuant to Internal Rule 8. On February 2, 1994, oral argument was ordered for February 18, 1994, pursuant to the above Rules.

DEFENDANT’S ASSIGNMENTS OF ERROR

In the first assignment of error of her brief, defendant complains that she had “not been given the required notice to vacate” by plaintiff. Having reviewed the record and applicable law, we find this assignment of error to be without merit.
Defendant’s argument is based on the assumption that, subsequent to the expiration of the written lease on February 6, 1993, plaintiff and defendant formed a new agreement whereby plaintiff gave her implied consent for defendant to remain on the premises until certain disputes between the parties were resolved. According to defendant, if such an implied agreement exists, the letter dated January 5, 1993, and the waiver of notice provision in the written lease are nothing more than irrelevant remnants of the defunct lease. We find, however, that an implied month-to-month lease was not created, and we affirm the decision of the trial court.
Mr. Shepard’s letter of January 5, 1993, provides tangible evidence of plaintiffs desire to end his arrangement with defendant. In addition, the possibility that plaintiff would agree to defendant’s possession of the property free of rent seems remote. Thus, having found that no implied lease was agreed upon by the parties, we find that defendant received more notice than that to which she was entitled under the written lease. This assignment of error is without merit.
In her second assignment of error, defendant contends that plaintiff failed to state a cause of action for eviction in the Rule to Show Cause. Defendant’s argument, however, is dependent upon the existence of a month-to-month lease. This assignment of error is without merit and requires no further discussion.
In her third assignment of error, defendant argues that the trial court erred by granting judgment in favor of plaintiff for costs and attorney’s fees. Under La.Code Civ.P. art. 2592(1), however, a trial court may, by summary proceeding, award and determine the reasonableness of attorney’s fees. We do not find the fees awarded by the trial court to be unreasonable. In addition, the written lease agreement provided for defendant’s payment of attorney’s fees. For these reasons, this portion of the trial court’s decision is also affirmed.
In her final assignment of error, defendant argues that the trial court erred by ordering her to post a property bond. Again, we disagree with defendant.
On July 12, 1993, plaintiff filed a Rule to Test Surety of Appeal Bond. The trial court found that defendant failed to comply with *288 La.Code Civ.P. art. 5122. Apparently, defendant did not establish that her surety was worth the amount for which he bound himself or that her surety’s assets were subject to execution over and above the surety’s other obligations.
According to La.Code Civ.P. art. 4735, “The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.” Having found no abuse of discretion by the trial court, we affirm. Costs of this appeal to be borne by appellant.

AFFIRMED.