RLOBRANO, Judge.
The surety on a suspensive appeal bond appeals the trial court judgment which forfeited the bond and awarded the successful appeal litigant damages, costs and attorney fees incurred because of that appeal. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY:

Because their written lease had terminated, Lois Shepard obtained a judgment of eviction against Linda Mayer requiring Mayer to vacate the premises at 1400 Nashville Avenue in New Orleans. Since Mayer, under oath, asserted affirmative defenses to the eviction proceeding, she was able to suspen-sively appeal that judgment. See, La. C.C.Pro. Art. 4735. A judgment awarding Shepard costs and attorney fees, incurred at the trial level, was also appealed and consolidated with the eviction judgment. This court affirmed both judgments. Shepard v. Mayer, 93-1899 (La.App. 4 Cir. 3/15/94), 635 So.2d 286.
|3The subject matter of the instant case involves the appeal bonds that were provided by Mayer in connection with her suspensive appeal of the eviction judgment. Initially, the trial court ordered a “bond in the amount of $5,000.00 (Five Thousand and no/100 dollars) with good and solvent surety, conditioned under LSA — C.C.P. Article 4737[sic], and as the law directs.” On June 3, 1993 Mayer provided a bond in that amount with her son, Paul Blanchard, as a personal surety. Subsequently, on September 28, 1993 that bond was replaced by a bond, in the same amount, with Blanchard as surety but secured by immovable property owned by Blanchard.
Because Mayer perfected a suspensive appeal she was able to occupy the premises during the pendency of the appeal without paying rent. As a consequence, the trial court ordered that the appeal bond be supplemented with monthly deposits by Mayer of $800.00 each, the amount of the rent she was formerly obligated to pay, starting March 1, 1994. Mayer made only two monthly payments.
After the eviction judgment was affirmed, Shepard filed a rule in the trial court seeking to withdraw the funds deposited in the court’s registry, to have the appeal bond forfeited, and to be granted a judgment against the principal, Mayer, and the surety, Paul Blanchard. The matter was heard on August 26, 1994 and judgment was rendered September 1, 1994, but was subsequently amended. On February 3, 1995 a second amended judgment, which is the subject of this appeal, was rendered. It granted the motion to forfeit the suspensive appeal bond and directed the Clerk of Court to release to Shepard the $1,600.00 on deposit. It |4further rendered judgment against Mayer, as principal and Blanchard, as surety, in solido in the amount of $5,000.00 and forfeited the property bond, recognizing the encumbrance on Blanchard’s immovable property. Finally, the judgment awarded Shepard $3,404.62 as costs and attorney fees incurred in Mayer’s appeal of the eviction judgment. Paul Blanchard, the surety, perfects the instant appeal.
Initially, Blanchard advances the argument that the bond he provided was never intended to cover any judgment subsequently rendered after the eviction appeal became final. In support, he points to the language of the bond he signed, in particular his agreement to “satisfy whatever judgment may be rendered against Linda Mayer ... if they be cast in the appeal.” Because there was no judgment rendered against Mayer on appeal, *541 except to vacate the premises which she has done, Blanchard argues the judgment has been satisfied and he has no further obligation. Blanchard relies on Code of Civil Procedure article 2124 which provides, in part, that a “suspensive appeal bond shall provide ... that any judgment against [the principal] will be paid or satisfied ... or that otherwise the surety is liable for the amount of the judgment.” In sum, Blanchard’s argument is that he is a surety only for the judgment rendered against Mayer that was appealed and no other.
In response to Blanchard’s position, Shepard relies on the terms of the order setting the appeal bond which says it is conditioned under article 4735 of the Code Rof Civil Procedure.[1] That article, says Shepard, controls the suspensive appeal of an eviction, and governs Blanchard’s obligations as a surety.
A suspensive appeal bond is a legal surety-ship. La.C.C. art. 3043. It may be given whenever the law permits a person to give surety for an obligation. La.C.C. art. 3068. However, no judgment shall be rendered against a legal surety unless the creditor obtains a judgment against the principal fixing the amount of the latter’s liability. La. C.C. art. 3069. The creditor may join the surety and principal obligor in the same action. Id. “A legal suretyship is deemed to conform to the requirements of the law or order pursuant to which it is given_” La. C.C. art. 3066.
In this case, the suspensive appeal bond was provided in accordance with the trial court order and Code of Civil Procedure article 4735. Despite Blanchard’s contrary assertions, the only reason Mayer was allowed to remain in the leased premises during the appeal was because of article 4735. That article provides:
An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.
Mayer filed affirmative answers to the eviction proceedings, appealed the adverse judgment within twenty-four hours and provided the $5,000.00 appeal bond required by the court. Although the language of the bond does not conform to the language of article 4735 in that it says Blanchard is obligated to pay whatever | (judgment is “east in appeal”, rather than damage “as a result of the appeal,” that difference is immaterial. Blanchard’s bond is “deemed to conform to the requirements of the law or order pursuant to which it is given.” La.C.C. art. 3066. It was given to secure the payment of whatever damage Shepard would sustain as a result of Mayer suspending the eviction judgment. We hold that Blanchard’s obligation, irrespective of the language in the bond agreement, is governed by the obligation set forth in Code of Civil Procedure article 4735.
Blanchard further argues, however, that because the bond he furnished was in the form prescribed by Code of Procedure article 2124 and not article 4735, it was legally deficient and invalid. As an alternative, Blanchard argues that Shepard is partly at fault for failing to require a “correct” bond during the appeal and therefore must suffer the consequences of failing to mitigate. In support Blanchard quotes at length from'the 1917 case of Doullut et al v. Rush, et al, 142 La. 443, 77 So. 110 (La.1917), wherein the court concluded that the “form” of the sus-pensive appeal bond did not comply with the law and was therefore deficient. This argument lacks merit simply because Civil Code article 3066, adopted in 1987, makes clear that a bond, deficient in form, will not render it invalid if it is given in satisfaction of a legal suretyship. The bond is deemed to conform to the law or order for which it is given.
Blanchard next argues that because there was no judgment against Mayer award *542 ing damages, there can be no judgment against him on the surety bond. He also argues the excessiveness of the attorney fees.
|7The judgment of eviction was rendered in June of 1993, and was appealed. On September 24, 1993 Shepard was awarded costs and attorney fees in connection with that eviction in the amount of $1,803.91. That judgment was also appealed. Once those judgments were affirmed on appeal, the trial court, pursuant to Shepard’s motion, awarded an additional $3,404.62 as costs and fees in connection with that appeal. In addition, in oral reasons the trial judge concluded that Mayer should have deposited $7,700.00 with the court representing the $800.00 per month rent due pending the appeal. However, only $1,600.00 was deposited, leaving a balance of $6,100.00 due on the rent. The judgment is against Mayer and Blanchard in solido and is in the amount of $5,000.00, plus $3,404.62 in attorney fees and costs.[2] The $5,000.00 amount is clearly supported by the rent due. However, we find error in the award of attorney fees and costs.
The lease agreement between Shepard and Mayer provides:
Should an Agent or Attorney be employed to give special attention to the enforcement or protection of any claim of Lessor arising from this lease, Lessee shall pay, as fees and compensation to such Agent or Attorney an additional sum of fifteen per cent of the amount of such claim, the minimum fee, however, to be $100.00, or if the claim be not for money, then such sum as will constitute a reasonable fee, together with all costs, charges and expenses.
When Mayer appealed the eviction judgment, she also appealed the judgment awarding attorney fees and costs. Shepard, however, did not answer that appeal nor perfect an appeal of her own seeking an increase in the attorney fee award because of the additional legal work caused by the appeal. Instead, after the appeal became final, Shepard sought in the trial court additional fees. Because she failed to answer the eviction appeal or perfect her own appeal, we hold that Shepard was Isprecluded from subsequently filing a rule in the trial court to recover those fees.[3] However, because Shepard did recover a money judgment for the damages she incurred as a result of Mayer’s suspensive appeal of the eviction, she is entitled to 15% of that judgment as attorney fees. Therefore, we reduce the attorney fee award to 15% of $6,600.00 (the total amount of rent recovered) or $990.00. And, while the trial court judgment is unclear as to what costs are included, to the extent the judgment includes appeal costs, that is error. This court already awarded appeal costs.
Finally, Blanchard assigns error by the trial court in granting multiple amendments of the judgment without granting a motion for new trial. Blanchard fails to brief that issue and we will not consider it.
For the reasons assigned the trial court judgment is amended to reduce attorney fees to $990.00 and costs is limited to those incurred at the trial level. In all other respects, the judgment is affirmed.
AMENDED, AND AS AMENDED, AFFIRMED.

. While the order says article 4737, that is an obvious typographical error since there is no article 4737 in the Code of Civil Procedure. Undoubtedly the judge was referring to article 4735.

. The judgment also ordered the Clerk to release to Shepard the $1,600.00 in the Court’s registry, but the language is not in the form of a judgment against Mayer and Blanchard.

. A contrary holding would result in a never ending circle of appeals and trial court rules.